*E-FILED - 5/29/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br><br>JASON TOTAH,<br><br>      Defendant. | NO. CR-97-20090-RMW<br><br>ORDER ON MOTION TO MODIFY RESTITUTION ORDER |

James Totah seeks an order allowing him to modify the amount of restitution owing in this case in the amount of approximately $50,000+ and satisfy that outstanding amount by a payment from his father in the amount of $25,000. Totah was sentenced on December 1, 1998. Restitution was left open subject to a later hearing. On December 17, 1998, the parties agreed to, and the court accepted, a stipulation to restitution in the total amount of $67, 513.23 payable to various victims. Restitution was made a condition of supervised release with payment as directed by the probation officer. On April 23, 2002 supervised release was allowed to expire on the scheduled date of May 18, 2002 on the condition that Totah continue to pay restitution and that it be subject to enforcement under 18 U.S.C. § 3613. Totah then signed a promissory note in the amount of $53,885.81 payable to the clerk of the court representing the balance of restitution owed. Totah agreed to pay at least $20.00 per month. In light of Totah's agreement and the court's order allowing supervised release to expire, the court nevertheless retains jurisdiction over restitution but cannot treat the failure to pay as a violation of supervised release. Further, the government can collect on the promissory note on

behalf of the victims pursuant to 18 U.S.C. § 3613 by utilizing any means available to collect on a civil judgment (in this case the promissory note given in satisfaction of the restitution balance).

The question now before the court is whether the court can modify the amount owed to $25,000 and allow satisfaction by payment of that amount. Based upon the evidence before the court, such a payment would result in the victims getting more money than they will otherwise likely ever receive. 18 U.S.C. 3664(k) would appear to allow the court to make the modification requested if the interests of justice so require.  However, a prerequisite is the Attorney General's giving notice of the circumstances to the victims presumably so they can object to or favor the proposal.  There is a material change of circumstances in that defendant has a means not previously available to him to pay a significant portion of the amount still owed in exchange for a satisfaction of the entire restitution obligation.  Therefore, the court gives the Attorney General 30 days to notify the victims and make whatever recommendation to them that he deems appropriate and then to certify to the court that he has made such notification and advise the court as to any response to the notification. The court will then rule on the requested modification.

DATED: May 27, 2008

_____
RONALD M. WHYTE
United States District Judge

Copy of Order E-Filed to Counsel of Record:

ORDER ON MOTION TO MODIFY RESTITUTION ORDER
NO.  CR-97-20090-RMW